UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GARNETT SMITH,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　Petitioner,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　)　　Case No. 1:19-cv-10112-KAR
　　　　　　　　　　　　　　　　　　)
CAPTAIN S. SPAULDING, WARDEN　　　)
　　　　　　　　　　　　　　　　　　)
　　　Respondent.　　　　　　　　　　)

MEMORANDUM AND ORDER REGARDING RESPONDENT'S MOTION TO
DISMISS PETITION UNDER 28 U.S.C. § 2241
(Dkt. No. 11)

ROBERTSON, U.S.M.J.

I.　　INTRODUCTION

Petitioner Garnett Smith ("Smith" or "Petitioner") brought this action *pro se* against Captain Spaulding ("Respondent"), Warden of the Federal Medical Center in Devens, Massachusetts ("FMC Devens"). Smith alleges in his petition that he is the subject of an incident report in his file finding him responsible for assaulting an officer while he was incarcerated at the Federal Correctional Institute in Fort Dix, New Jersey ("FCI Ft. Dix") that should have been expunged. He has filed a petition pursuant to 28 U.S.C. § 2241 seeking expungement of incident report number 2939842 (Dkt. No. 1 at 5). Respondent has filed a motion to dismiss on the grounds that Smith failed to exhaust his administrative remedies (Dkt. No. 11). For the reasons set forth below, the court GRANTS Respondent's motion to dismiss without prejudice.

II.　　ALLEGATIONS IN SMITH'S PETITION

1

Smith alleges that on or about January 15, 2017, he and two other inmates housed at FCI Ft. Dix were charged with "assaulting any person" and with "assaulting any person/correctional officer" (Dkt. No. 1 at 2). Smith was found responsible for the offenses and transferred to F.C.I. McDowell. When Smith reached this destination, he filed an appeal of the guilty findings, alleging violations of his due process rights. The Mid-Atlantic Regional Director granted Smith a re-hearing on "the incident report" (Dkt. No. 1 at 2). After the hearing, the discipline hearing officer ("DHO") expunged incident report number 2939840 from Smith's Sentry file (Dkt. No. 2 at 2). Thereafter, Smith was transferred to FMC Devens. In early August 2018, staff at FMC Devens informed Smith that incident report number 2939842 finding him responsible for assaulting an officer remained in his file (Dkt. No. 1 at 3).

Smith filed an appeal with the Mid-Atlantic Regional Office. According to Smith, this appeal was rejected on the grounds that Smith's appeal had to be to the Northern Regional Office because of his residence at FMC Devens (Dkt. No. 1 at 3). Smith's appeal to the Northern Regional Office was rejected on the grounds that the appeal should have been filed at the Central Office level. The appeal Smith filed at the Central Office level was rejected on the grounds that : (1) it was untimely; (2) there was no staff verification excusing the untimeliness; (3) the petition raised more than one issue; and (4) if Smith was appealing incident report number 2939842, he had to start a new appeal (Dkt. No 1 at 3; Dkt. No. 1-1).

Smith acknowledges that his administrative appeal was denied on procedural grounds (Dkt. No. 1 at 4). He contends that the denial was arbitrary and capricious in violation of the Administrative Procedures Act, 5 U.S.C. §§ 551 et seq.

    III.    <u>ANALYSIS</u>

Respondent moves to dismiss the petition for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Smith has failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act, 42 U.S.C. §1997(e)(a) ("PLRA").

A. Standard of Review

To survive a motion to dismiss, a "'complaint must contain enough factual material to raise a right to relief above the speculative level … and state a facially plausible legal claim,'" *Guerra-Delgado v. Popular, Inc.*, 774 F.3d 776, 780 (1st Cir. 2014) (quoting *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011)), "accept[ing] as true well-pleaded facts in the complaint and draw[ing] all reasonable inferences in the pleader's favor." *Id*. (citing *Tasker v. DHL Ret. Sav. Plan*, 621 F.3d 34, 38 (1st Cir. 2010)). When, as in this case, the petitioner is self-represented, "this court will 'liberally construe[]' his complaint, 'however inartfully pleaded.'" *Facey v. Dickhaut*, 892 F. Supp. 2d 347, 351 (D. Mass. 2012) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))) (alteration in original); *see also, e.g., Rios v. United States*, Civil Action No. 14-40171-IT, 2016 WL 1212530, at *3 (D. Mass. Feb. 26, 2016), *adopted*, 2016 WL 1228570 (D. Mass. Mar. 28, 2016) ("*pro se* pleadings are to be liberally construed"). "'However, *pro se* status does not insulate a party from complying with procedural and substantive law.'" *Facey,* 892 F. Supp. 2d at 351 (quoting *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997)).

"Ordinarily, a court will not consider documents outside of the pleadings in a motion to dismiss." *Id.* Instead, in weighing a motion to dismiss, the court may consider the allegations in the petition, the documents attached to, or expressly incorporated into, the petition, and relevant public records. *See Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 68, 73 (1st Cir. 2014). While a district court is permitted, in some instances, to consider documents that were not attached to

the complaint or petition without converting the motion to one for summary judgment, this is a "narrow exception" that only covers documents the authenticity of which are not disputed by the parties, that are central to the petitioner's claims, or that are sufficiently referred to in the petition. *See id.* at 74.

B. Exhaustion Requirement

The PLRA provides, in relevant part, that "'[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.'" *Facey*, 892 F. Supp. 2d at 352 (quoting 42 U.S.C. §1997e(a)). "[E]xhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983," *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)), including "all inmate suits about prison life, whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. "The exhaustion requirement is one of 'proper exhaustion,' rather than 'exhaustion simpliciter.'" *Facey*, 892 F. Supp. 2d at 352 (citing *Woodford*, 548 U.S. at 88, 93). "In other words, it is not enough for prisoners to have presented their claims through administrative channels, if 'grievances were dismissed because prisoners had missed deadlines set by the grievance policy.'" *Id.* (quoting *Jones v. Bock*, 549 U.S. 199, 217-18 (2007), quoting *Woodford*, 548 U.S. at 88, 93). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91. "Exhaustion is an affirmative defense

and, accordingly, a defendant bears the burden of establishing that the plaintiff did not exhaust his administrative remedies." *Rios*, 2016 WL 1212530, at *6 (citing *Jones*, 549 U.S. at 216).

The PLRA does not define the procedures with which an inmate must comply to exhaust administrative remedies. The scope of the exhaustion requirement is determined by reference to the administrative scheme that governs such proceedings at the facility at which an inmate is incarcerated. *See Jones*, 549 U.S. at 218 ("[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."); *see also Johnson v. Thyng*, 369 F. App'x 144, 146 (1st Cir. 2010) (per curiam) (same). "The Federal Bureau of Prisons has a grievance system for prisoners who seek formal review of complaints regarding any aspect of their imprisonment." *Rios*, 2016 WL 1212530, at *6 (citing *Leja v. Sabol*, 487 F. Supp. 2d 1, 2 (D. Mass. 2007)). *See* 28 C.F.R. Part 542, Subpart B. The federal grievance system provides that a prisoner must "first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R § 542.13(a). A prisoner has twenty (20) calendar days "for completion of informal resolution and submission of a formal written Administrative Remedy Request" to the warden or the warden's designee. 28 C.F.R § 542.14(a). This deadline may be extended when the inmate demonstrates a valid reason for delay such as an extended period in transit between Bureau of Prison facilities; physical incapacitation; or an unusually long period taken for attempted informal resolution. 28 C.F.R § 542.14(b). If an inmate's formal request for relief is denied, the inmate may submit an appeal to the appropriate Regional Director within twenty (20) calendar days of the warden's decision. 28 C.F.R §§ 542.14(d), 542.15(a). "An inmate who is not satisfied with the Regional Director's response may submit an Appeal … to the General Counsel within 30 calendar days of the date

the Regional Director signed the response." 28 C.F.R § 542.15(a). "Appeal to the General Counsel is the final administrative appeal." *Id.*

C. Smith's Petition

Respondent acknowledges his obligation to raise and prove the affirmative defense of failure to exhaust administrative remedies (Dkt. No. 11 at 2). *See, e.g., Cruz Berríos v. González-Rosario*, 630 F.3d 7, 11 (1st Cir. 2010) (citing *Jones*, 549 U.S. at 216). The respondent has supported his failure to exhaust contention by a declaration of Cheryl Magnusson, a legal assistant, to which are attached Federal Bureau of Prison ("BOP") records from Smith's administrative remedy submissions in the BOP's SENTRY system (Dkt. No. 1-1 & Exh. A thereto). The respondent has not identified a basis on which the court could, at the motion to dismiss stage, consider and rely on what is, in essence, an affidavit with attached documents that are not referred to in, or incorporated by reference into, Smith's petition. *See Facey*, 892 F. Supp. 2d at 354-55. Nonetheless, although an inmate is not required to plead or demonstrate exhaustion in a petition, in this case, Smith alleged in his petition that he had exhausted his administrative remedies and attached documents from the administrative process to his petition (Dkt. No. 1 at 2; Dkt. No. 1-1 at 1-6). Accordingly, the court will consider the respondent's exhaustion contention in light of the contents of Smith's petition and the attachments thereto. *See Rios*, 2016 WL 1212530, at *6-7.

Smith's Regional Administrative Remedy Appeal, attached to his petition, appeals from sanctions imposed based on incident reports # 2939842 and #2939840 (Dkt. No. 1-1 at 4). He contended that his due process rights were violated because he was not allowed to present witnesses or documentary evidence when permitting him to do so would not have been unduly hazardous to institutional safety or correctional goals. In a September 15, 2017 response, the

Regional Director of the Mid-Atlantic Region remanded "the" incident report for assault to the DHO for rehearing (Dkt. No. 1-1 at 5). Petitioner was notified that if he was not satisfied with the decision, he could appeal within 30 days of the date of the response to the General Counsel (Dkt. No. 1-1 at 5). Petitioner alleges that a rehearing was conducted and that the DHO in the Mid-Atlantic Region expunged incident report #2939840 (Dkt. No. 1 at 2). Petitioner further alleges that after arriving at FMC Devens and being informed that incident report #2939842 finding him responsible for assaulting an officer remained in his file and had not been expunged, he "attempted to appeal to the Mid-Atlantic Regional office, stating the error" (Dkt. No. 1 at 3). This appeal, he says, was rejected and he was informed that he should file his appeal with the Northeast Regional Office where he was now housed (Dkt. No. 1-1 at 1). When he did so, the appeal was rejected on the ground that it should have been directed to the Central Office (i.e., the Office of the General Counsel) (Dkt. No. 1 at 3; Dkt. No. 1-1 at 2). It is a reasonable inference from the petition that Petitioner proceeded to file an appeal with the Central Office because Petitioner has attached a rejection notice from the Central Office, which lists four reasons why his Central Office appeal was rejected. First, it was untimely because it was not filed within thirty (30) days of the Regional Director's decision. Second, there was no staff explanation to excuse the untimeliness. Third, Smith's petition impermissibly addressed two separate incident reports. Fourth and finally, the rejection notice informed Smith that, if he wanted to appeal incident report #2939842, he "must start a new appeal" (Dkt. No. 1-1 at 3).

In *Woodford*, the Supreme Court held that an inmate who files an untimely or otherwise procedurally defective administrative grievance that is denied on procedural grounds has failed to comply with the PLRA's administrative exhaustion requirement. *Woodford*, 548 U.S. at 90-93. Insofar as relevant to the instant case, the regulations governing the BOP's administrative

7

remedy program provide that for decisions by DHOs and unit discipline committees, "each separate incident report number must be appealed on a separate form." 28 C.F.R. § 542.14(c)(2). Smith's initial regional administrative remedy appeal, which was an appeal of a DHO decision, addressed incident reports #2939842 *and* #2939840 (Dkt. No. 1-1 at 4). The Mid-Atlantic Region's response, which addressed only one of the incident reports referenced in Smith's regional administrative remedy appeal – possibly illustrating a reason for the regulation – was issued on September 15, 2017 (Dkt. No. 1-1 at 5). Having learned that only one of the incident reports identified in his July 20, 2017 appeal had been addressed, Smith filed an appeal which was received by the Central Office on November 5, 2018, more than a year after the decision from which he was appealing (Dkt. No. 1-1 at 3). The Central Office rejected his appeal as untimely, lacking staff verification of the reasons for the delay, and addressing more than one incident report.

As previously noted, the Supreme Court held in *Woodford* that "proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90-91. In the court's view, Petitioner cannot escape the reach of *Woodford* in the instant case. It is undisputed on this record that Petitioner's July 20, 2017 regional administrative remedy appeal form addressed two separate incident reports in violation of the BOP procedural rule that requires that a prisoner to file a separate appeal form as to each separately numbered incident report finding from which the prisoner wishes to appeal. *See* 28 U.S.C. § 542.14(c)(2). It is also undisputed that the appeals Petitioner filed after he learned that incident report #2939842 had not been expunged were untimely in relation to: (a) the underlying incident; and (b) the decision that addressed incident report #2939840 but did not address incident report #2939842. Petitioner's pleadings show that, because of these procedural

8

missteps, Petitioner's claim of error in the DHO finding on incident report #2939842 has never been considered on its merits through the BOP administrative system. Under the rule announced in *Woodford*, this court is bound to conclude that, because Smith failed properly to exhaust his administrative remedies as to the DHO finding on incident report #2939842, his present petition must be dismissed. The dismissal will be without prejudice. It will be up to BOP administrators to decide whether Petitioner may, at this time, file an administrative appeal from the DHO finding on incident report #2939842.

## IV. CONCLUSION

For the above-stated reasons, Smith's petition is DENIED without prejudice. The Clerk's Office is directed to close the case on the court's docket.

Dated:  December 9, 2019  /s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE